IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,950-02






EX PARTE ROBERT CHARLES VAUGHN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0518344A IN THE 8TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of driving while intoxicated (3rd or more) and sentenced to twenty years' imprisonment. He did not
appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance by failing to
investigate the prior DWI offenses. Applicant alleges that the prior DWI offenses do not fall within
the ten year provisions of the former Tex. Penal Code Sect. 49.09(e) that was the law at the time of
Applicant's offense. Applicant also alleges that the 1994 offense alleged in his indictment was a
deferred adjudication and did not result in a conviction that could be used to enhance the instant
offense.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings on whether the 1994 conviction alleged in the indictment was a final
conviction that could have been used to enhance the instant offense. The trial court shall make
findings on whether the prior DWI offenses alleged in the indictment properly fall into the ten year
provisions of the former Tex. Penal Code Sect. 49.09(e). The trial court shall also make findings
on whether Applicant has any other intervening DWI convictions that fall within the ten year
provision. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 28, 2007

Do not publish